# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES McCLOUGH,<br><br>       Plaintiff,<br><br>   v.<br><br>J. KEENER and A.B. ROBLES,<br><br>       Defendants. | 1:12-cv-01417-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH COURT'S ORDER<br><br>(ECF Nos. 1, 7.) |

      Plaintiff Charles McClough ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 11, 2013, the Court issued an order finding that Plaintiff had stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Keener, but failed to state any other cognizable claims. The Court ordered Plaintiff, within thirty days, to either (1) file an amended complaint curing the deficiencies identified by the Court or (2) notify the Court in writing that he did not wish to file an amended complaint and was willing to proceed only on the claims found to be cognizable. More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

      Local Rule 110 provides that a "failure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where

appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. This action has been pending since August 31, 2012, and Plaintiff has made no attempt to contact the Court in compliance with the Court's order. The Court cannot hold this case in abeyance indefinitely awaiting such compliance by Plaintiff. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, the court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-133; Henderson, 779 F.2d at 1424. The Court's order issued on October 11, 2013, expressly stated "If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order." (ECF No. 7, p. 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance with the Court's order.

1 | For the reasons state above, this action is DISMISSED based on Plaintiff's failure to obey the Court's order of October 11, 2013.

IT IS SO ORDERED.

Dated:  **November 22, 2013**            /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE